The Attorney General has considered your request for an opinion wherein you ask the following questions: (1) Are county treasurers, by virtue of 19 O.S. 681 [19-681] (1971) authorized to establish depository accounts for regional guidance centers ? (2) If county treasurers are not so authorized, are regional guidance centers authorized to open depository accounts in local banks ? The general duties of county treasurers are specified in 19 O.S. 622 [19-622] et seq. (1971), as amended. 19 O.S. 623 [19-623] provides that: "It shall be his duty to receive all monies belonging to the county from whatever source they may be derived, and other monies which by law are directed to be paid to him, and all monies received by him for the use of the county shall be paid by him only on the warrants of the board of county commissioners, drawn according to law, and all other monies shall be paid over by him as provided by law." (Emphasis added) 19 O.S. 681 [19-681] further provides: The county treasurer is hereby designated and made the official depository for all monies, funds, rentals, penalties, costs proceeds of sale of property, fees, fines, forfeitures and public charges of every kind that may be received by any county officer, county board, county commission, or by an employee of either of such officers, boards, or commissions by virtue or under color of office; and the said county treasurer shall be responsible on his official bond for the faithful performance of duty as such official depository." (Emphasis added) In addition to the above statutes, which indicate that a county treasurer is authorized to receive fees collected by county officers and employees, there is a specific statute governing deposits of fees received by local health departments. Title 63 O.S. 1-206.1 [63-1-206.1] (1971) provides in part that: "Money received by a county, district or city-county health department under a contractual arrangement, as fees for services, or from some other source, shall be deposited with the county treasurer in the county where earned as provided in 19 O.S. 681 [19-681] (1961)." It is persuasive to note that this statute was enacted five (5) years subsequent to the statute providing for the creation of regional guidance services. It does not include within its scope fees received by regional guidance centers, and consequently the authority of a county treasurer to act as a depository for fees received by the centers would have to stem from the general provisions of 19 O.S. 622 [19-622] et seq. (1971), as amended. In essence the authority of a county treasurer to receive such funds depends on whether they are received by a county officer, board or commission, or employee of the same and therefore fall within the terms of 19 O.S. 681 [19-681] (1971). The State Board of Health may create regional guidance centers pursuant to 63 O.S. 1-208.1 [63-1-208.1] (1971), in regions determined by the state board, which regions may not necessarily coincide with county boundaries. These centers are not controlled or created by the county boards of health, although funding may be provided for them by the counties by agreement with the State Commissioner of Health. Regional guidance centers are, under this statute, to be located in a county having a local health department and are to be administered by the medical director of the local health department. In regard to the fees collected for the services provided, the statute specifically provides: ". . . All fees collected shall be remitted to the State Commissioner of Health, who shall deposit the same in a special account in the State Treasury. Such fees shall be accounted for by regional source and shall be used by the State Commissioner of Health to provide guidance services in the regions from which the fees are derived. County funds payable under agreements entered into under provisions of the preceding paragraph shall be accounted for, expended and disbursed as directed by the State Commissioner of Health. Provided, however, that by agreement between a county or city-county board of health and the Commissioner of Health, such county funds may be remitted to the State Commissioner of Health who shall deposit such funds in the same special account in the State Treasury created for fees collected and shall be disbursed as is provided for fees." This language makes a distinction between fees received and county funds, and mandates the remittance to the State Commissioner of Health of fees received for services of the regional guidance center. The statute does not, however, provide a mechanism for such remittance, and the question presented is in essence whether the county treasurer may act as a clearing agent and remit funds received as fees to the Commissioner of Health. As previously discussed, the county treasurer could receive such fees for deposit if they were fees received by a county officer or employee of a county officer, county board, or county commission, 19 O.S. 681 [19-681] (1971). The essential question is, therefore, whether the administrator of a regional guidance center is a county officer or employee of a county officer, board or commission. The administrator of a regional guidance center is the medical director of a local health department, 63 O.S. 1-208.1 [63-1-208.1] (1971). A medical director is appointed by and under the supervision of the State Commissioner of Health, who also sets his salary, 63 O.S. 1-205 [63-1-205] (1978). There is no provision for control of this director by the county board of health. In addition the fees received by a regional guidance center are not fees received by a county agency, as regional guidance centers are not created or controlled by the county but are instead created and controlled by the State Department of Health. It is evident under the provisions of 63 O.S. 1-205 [63-1-205] (1978) that a medical director acting as administrator of a regional guidance center is not a county officer or employee of a county officer, board or commission within the purview of 19 O.S. 681 [19-681] (1971). County treasurers are, therefore, without authority to act as depositaries of such fees as the fees are not those contemplated by 19 O.S. 681 [19-681] and as the deposit of such fees is not specifically authorized by 63 O.S. 1-206.1 [63-1-206.1] (1971). There is no statutory authority for a medical director to establish a private depository account in a financial institution for the purpose of depositing and clearing accounts for remittance to the State Commissioner. There is no general grant of authority to state or county officials to establish such private accounts. Depository accounts for the purpose of clearing drafts and checks and transferring funds are provided by 62 O.S. 7.1 [62-7.1] et seq. (1973), and agency clearing accounts provided for in that act should be utilized to facilitate remittance of such fees to the State Commissioner of Health. It is, therefore, the opinion of the Attorney General that both your questions be answered in the negative. There is no statutory authority for a county treasurer to establish depository accounts for a regional guidance center created under 63 O.S. 1-208.1 [63-1-208.1] (1971) as 63 O.S. 1-206.1 [63-1-206.1] (1971) does not apply to regional guidance centers and as the administrator of such a center is not a county officer or employee of a county officer, board or commission within the purview of 19 O.S. 681 [19-681] (1971). Regional guidance centers are authorized to establish depository accounts in local financial institutions only in accordance with the provisions of 62 O.S. 7.1 [62-7.1] et seq. (1973), as amended. (JOHN GREGORY THOMAS) (ksg)